## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 3:17-CR-201 |
| v. | (MARIANI, J.)<br>(SAPORITO, M.J.) |
| JERY DELACRUZ, | |
| Defendant. | |

FILED
WILKES BARRE

JUN 25 2020

PER

DEPUTY CLERK

### MEMORANDUM

This matter is before the court on the motion for pretrial release
(Doc. 151; Doc. 155) filed by the defendant, Jery Delacruz.

Delacruz, who is currently awaiting sentencing, seeks his release
from custody pending sentencing based on prison conditions at the
Lackawanna County Prison (LCP) and the inherent risk posed by his
being confined in close quarters with a large number of other inmates
during the COVID-19 global pandemic. Delecruz initially filed his motion
*pro se* (Doc. 151) and his counsel filed a supplemental motion for release
due to coronavirus risk (Doc. 155). Defense counsel filed a notice
indicating that the parties have been unable to resolve the motion. (Doc.
156; Doc. 159). Delacruz filed a brief in support of his motion (Doc. 158)

and the government filed a brief in opposition to the defendant's motion. (Doc. 157). The matter is ripe for a decision.

## I.   *Statement of Facts*

A federal grand jury indicted Delacruz on July 11, 2017, charging him with conspiracy to unlawfully distribute and possess with intent to distribute controlled substances, including 100 grams or more of heroin, and 28 grams or more of cocaine base (crack), cocaine, in violation of 21 U.S.C. § 846; and possession with intent to distribute controlled substances, including 100 grams or more of heroin, and 28 grams or more of cocaine base (crack), cocaine, in violation of 21 U.S.C. § 841(a)(1). On October 18, 2017, he appeared before the undersigned United States magistrate judge for an initial appearance and arraignment where he pled not guilty to the charges. At that time, he waived his right to a detention hearing without prejudice to requesting a detention hearing at a later date. (Doc. 31). On April 12, 2018, Delacruz moved the court for bail. (Doc. 67). We conducted a detention hearing on April 18, 2018, which we ordered Delacruz detained. (Doc. 76). He has remained detained since that time at LCP.

On October 25, 2019, Delacruz pled guilty to Count 1 of the Indictment—conspiracy to unlawfully distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846— pursuant to a written plea agreement. (Doc. 140). For this offense, Delacruz faces a maximum term of imprisonment of 40 years, a mandatory minimum term of imprisonment of 5 years, a maximum fine of $5,000,000, a term of supervised release of 4 years to life, plus payment of the costs of prosecution.

The presentence report has been completed and disclosed to the parties. Delacruz is awaiting the scheduling of a sentencing hearing. In his brief, Delacruz seeks release because of the existence of COVID-19 and the alleged adverse conditions of LCP. (Doc. 158). He also contends that we should release him, if only temporarily, due to the health risks associated with his being confined in a large group during the COVID-19 global pandemic. As reasons why his motion should be granted, he argues that the LCP's conditions of confinement make it difficult to engage in social distancing and to follow the guidelines established by the Centers for Disease Control and Prevention (the "CDC"); the pandemic has put a strain on him and his family who require his support; and we can place

conditions on his release, such as electronic monitoring travel restrictions, regular reporting, and curfew. The government contends that Delacruz's motion fails to prove "exceptional reasons" to justify a temporary release. For the reasons discussed herein, we will deny Delacruz's motion.

## II.    *Discussion*

### a. *COVID-19 Global Pandemic*

We are mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents.[1] "COVID-19 is the infectious disease caused by the novel coronavirus." *United States v. Roeder*, 807 Fed. App'x 157, ___ (3d. Cir. 2020) (per curiam). We are also cognizant that the President of the United States has declared a national emergency and the Governor of Pennsylvania has declared a state of emergency respectively. In connection with that, the Governor of Pennsylvania issued a statewide stay-at-home order on April 1, 2020, with counties only recently beginning to transition to less restrictive mitigation policies. As of this date, Lackawanna County, where the

---

[1] World Health Org., *WHO Characterizes COVID-19 as a Pandemic* (Mar. 11, 2020), https://www.who.int/emergencies/diseases/novel-coronavirus-2019/events-as-they-happen.

defendant is detained at LCP, recently progressed to the "yellow phase" of reopening, and it is scheduled to progress to the "green phase" of reopening on June 26, 2020. Further, the Governor has ordered all schools to remain closed for the remainder of the 2019-2020 academic school year. We also recognize that public health officials have strenuously encouraged the public to practice "social distancing," to hand-wash or sanitize frequently, and to avoid close contact with others—all of which presents challenges in detention facilities. *See Roeder*, 807 Fed. App'x at ___; *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *2 (D. Md. Mar. 17, 2020).

## b. Conditions of LCP

Delacruz alleges that LCP has been exposed to the COVID-19 virus since April 2, 2020, when a LCP staff member tested positive for COVID-19. (Doc. 158, at 8). He contends that it is difficult or impossible for inmates to engage in social distancing and self-quarantine precautions as recommended by the CDC. There is a high turnover in prisons where new entrants come in daily who may have been exposed to COVID-19 in the surrounding community or other regions. (*Id.* at 5-6).

The government proffered in its brief that LCP has reported no positive COVID-19 cases among its inmate populations and only the one corrections officer who tested positive. All inmates were informed and placed on lockdown. We further take judicial notice of recent policies and procedures adopted by LCP to prevent or limit the spread of COVID-19 within the prison. *See Shakur v. Costello*, 230 Fed. App'x 199, 201 (3d Cir. 2007) (per curiam) (taking judicial notice of county prison procedures). Under these new policies and procedures, LCP has suspended contact visits, regular visitation, and visitation from volunteers, including religious leaders. It has implemented aggressive sanitation programs and suspended all programs that utilize "outside" employees. It has prohibited individuals other than prison and medical staff to proceed any further than the reception area. It has limited attorney visits with inmates to meetings through a glass partition in a lawyer visitation room unless written permission is granted by the warden or the deputy warden. It has cancelled all conferences and out-of-county training. It has provided for weekly contact with officials from the state department of corrections. It has posted educational flyers in the blocks and in the reception area. It has also implemented body

temperature screening checks for all employees and lawyers as they enter the facility. *United States v. Mendoza*, No. 5:20-mj-00011, 2020 WL 1663361, at *3 & n.4 (M.D. Pa. Apr. 3, 2020).

### c. 18 U.S.C. § 3142(i)—Temporary Release

In his motion and brief, Delacruz has requested his temporary release under 18 U.S.C. § 3142(i), which allows a judicial officer, by subsequent order, to permit the temporary release of a person to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or another compelling reason. But Delacruz is not eligible for release under § 3142(i) because he is not a pretrial detainee. He has pleaded guilty and is presently detained pending imposition of his sentence.

Under the federal criminal rules, "[t]he provisions of 18 U.S.C. §§ 3142 and 3144 govern *pretrial* release." Fed. R. Crim. P. 46(a) (emphasis added). Having entered a guilty plea, the defendant's detention is governed by 18 U.S.C. § 3143. Fed. R. Crim P. 46(c); *see also United States v. Jacome*, No. 3:17-CR-0205, 2020 WL 2342364, at *2 (M.D. Pa. May 11, 2020). Section 3142(i) simply does not apply to a defendant awaiting sentencing. *Jacome*, 2020 WL 2342364, at *2; *United*

*States v. Leathers*, No. 2:19-cr-633 (WJM), 2020 WL 2219853, at *1 n.1
(D.N.J. May 7, 2020).

### d. 18 U.S.C. § 3145(c)—Release Pending Sentencing

Delacruz seeks release under 18 U.S.C. § 3145(c), contending that
he should be released because of the COVID-19 global pandemic and that
he is not likely to flee or pose a danger to the safety of any other person
or the community if released.

Because Delacruz has pleaded guilty to a serious drug offense, *see*
18 U.S.C. § 3142(f)(1)(C), his detention in the first instance is governed
by 18 U.S.C. § 3143(a)(2), which provides that such a pre-sentence
defendant be detained unless:

> (A)(i) the judicial officer finds there is a substantial
> likelihood that a motion for acquittal or new trial will be
> granted; or
>
> (ii) an attorney for the Government has recommended
> that no sentence of imprisonment be imposed on the
> person; and
>
> (B) the judicial officer finds by clear and convincing
> evidence that the person is not likely to flee or pose a
> danger to any other person or the community.

18 U.S.C. § 3143(a)(2); *see also* Fed. R. Crim. P. 46(c) (placing burden of
proof on the defendant).

Delacruz has proffered no evidence to support a finding that there is a substantial likelihood that a motion for acquittal or new trial will be granted—indeed, he has pleaded guilty to a serious drug trafficking offense. *See Leathers*, 2020 WL 2219853, at *2 ("Because Defendant pleaded guilty, there is no likelihood—much less a substantial likelihood—that a motion for acquittal or a new trial will be granted."). Likewise, Delacruz has proffered no evidence that the government will be recommending no prison time, and in its brief in opposition, the government advises that it plans to recommend that a sentence of imprisonment be imposed. (Doc. 157, at 13). Indeed, the government advises that the defendant faces a mandatory minimum sentence of five years of imprisonment due to his criminal history, and the government intends to seek a significant term of incarceration. (*Id.* at 13). Consequently, Delacruz is not eligible for release under § 3143(a)(2).

§ 3145(c) provides that: "A person subject to detention pursuant to section 3143(a)(2) . . . , who meets the conditions of release set forth in section 3143(a)(1) . . . , may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be

appropriate." 18 U.S.C. § 3145(c); *see also United States v. Williams*, 903 F. Supp. 2d 292, 298–302 (M.D. Pa. 2012) (holding that a district court possesses discretion to consider a temporary release pending sentencing under § 3145(c)); *United States v. Ortiz*, No. 1:18-CR-00134, 2020 WL 1904478, at *3 (M.D. Pa. Apr. 17, 2020) (endorsing *Williams* in the context of COVID-19).

To qualify for temporary release pending sentencing under § 3145(c), a defendant must first satisfy the criteria set forth in § 3143(a)(1). That section provides that the person "be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1); *see also* Fed. R. Crim. P. 46(c) (placing burden of proof on the defendant).

We originally ordered the defendant's detention on October 18, 2017, based on his waiver of a detention hearing. At his detention hearing before the undersigned on April 18, 2018, the parties agreed that the presumption under 18 U.S.C. § 3142(e)(3) applied.[2] After considering

---

[2] The rebuttable presumption in 18 U.S.C. § 3142(e)(3) reflects a Congressional finding that drug trafficking is a danger to the community and drug traffickers pose special flight risks.

the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, we concluded that Delacruz be detained pending trial because the government had proved by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person in the community and that it had proved by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure the defendant's appearance as required. We also found that Delacruz did not produce the quantum of evidence necessary to overcome the presumption. In addition to the findings made on the record at the hearing, the reasons for detention included the following: the weight of the evidence against the defendant is strong; his participation in criminal activity while on probation, parole, or supervision; his lack of stable employment; his prior failure to appear in court as ordered; his prior attempt(s) to evade law enforcement; and his prior violations of probation, parole, or supervised release. (Doc. 76). We also found significant the recommendation of detention by the United States Probation Office.

We note that, having pleaded guilty in the interim, the burden of proof has now shifted from the government to the defendant. *Compare* 18

U.S.C. § 3142(f) (imposing burden on government to prove dangerousness by clear and convincing evidence and flight risk by preponderance of the evidence) *with id.* § 3143(a)(1) *and* Fed. R. Crim. P. 46(c) (imposing burden on defendant to prove by clear and convincing evidence that he is not likely to flee or to pose a danger to other persons or the community). Now, after considering the information presented in the motion papers and based on the nature of the offense of conviction, the length of the potential sentence to be imposed, and the strong weight of evidence against the defendant, we find that the defendant has failed to establish, by clear and convincing evidence, that there is any condition or combination of conditions that will reasonably assure the court that he is not likely to flee or pose a danger to the safety of any other person or the community if released.

Based on the foregoing, we are not obligated to address the "exceptional reasons" factor in § 3145(c). *See Ortiz*, 2020 WL 1904478, at *5. Nevertheless, under the specific facts presented in this case, we find the health risks posed by the COVID-19 pandemic to this particular defendant do not constitute "exceptional reasons" justifying his temporary release from presentence detention.

In his supporting brief, Delacruz presents only speculative arguments that his confinement in the LCP increases the health risks posed to him by COVID-19. Other than a single guard who appears to have had no contact with the movant, there have been no confirmed cases of COVID-19 in the LCP. Moreover, LCP has implemented new policies and procedures to protect its population as referenced above. There is no evidence that such measures are, or have been, inadequate. Our court has temporarily continued all live, in-court proceedings through June 30, 2020, which should ameliorate a criminal defendant's concerns about assisting his or her attorney in the preparation of a defense. Any reason for Delacruz to assist his counsel in his defense is further diminished by the fact that the presentence report in this case has already been completed and apparently reviewed by counsel, and he is merely awaiting the scheduling of sentencing. Further, we are confident that LCP will respect the privileged nature of the communications between attorneys and their inmate-clients, as nothing to the contrary has been alleged or otherwise brought to our attention.

In his brief, Delacruz states that, if released, he will live with his grandmother in Hazleton, Pennsylvania. Nevertheless, we are not

inclined to release him at this crucial time in the progression of his case, before his sentencing hearing.

In the absence of any evidence of a medically diagnosed health condition that would increase the risk to Delacruz posed by COVID-19, or any evidence that LCP is not providing—or is unable to provide—appropriate medical care, we are not persuaded that Delacruz should be released. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (recognizing that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"). While the court remains sympathetic to Delacruz's subjective concerns regarding the possibility of health complications caused by the COVID-19 virus, "[s]uch speculation does not constitute a 'compelling reason' for temporary release." *United States v. Loveings*, Cr. No. 20-51, 2020 WL 1501859, at *3 (W.D. Pa. Mar. 30, 2020); *see also United States v. Pritchett*, No. CR 19-280, 2020 WL 1640280, at *3 (W.D. Pa. Apr. 2, 2020) (despite being sympathetic to defendant's medical conditions, including a diagnosis of asthma, speculation concerning

possible future conditions in jail does not constitute a "compelling reason" for temporary release.); *United States v. Jones*, No. 2:19-CR-00249-DWA, 2020 WL 1511221, at *3 (W.D. Pa. Mar. 29, 2020) (holding that, while the defendant suffered from hypertension, sleep apnea, and asthma, and it is true that individuals with respiratory issues are at higher risk for COVID-19, his present health conditions were not sufficient to establish a compelling reason for release in light of the danger to the community posed by his release and the efforts undertaken at the jail to combat the spread of the virus) (citing *United States v. Davis*, No. 19-1604, 2020 U.S. App. LEXIS 9987 (3d Cir. Mar. 20, 2020)).

The mere presence of the virus, even in the detention setting, does not automatically translate to the release of a person accused. *United States v. Williams*, No. PWG-19-8, 2020 WL 1643662, at *2 (D. Md. Apr. 2, 2020) (denying defendant's motion even where at least five inmates had tested positive for COVID-19 and defendant suffered from allergies and asthma); *United States v. Bilbrough*, No. TDC-20-0033, 2020 WL 1694362 (D. Md. Apr. 7, 2020) (affirming magistrate judge's denial of motion by defendant who suffered from diabetes); *United States v. Williams*, No. PWG-13-544, 2020 WL 1434130 (D. Md. Mar. 24, 2020)

(denying a 67-year-old defendant's motion); *United States v. Penaloza*, No. TDC 19-238, 2020 WL 1555064 (D. Md. Apr. 1, 2020) (denying motion of defendant who suffered from a heart murmur); *United States v. Jefferson*, No. CCB-19-487, 2020 WL 1332011 (D. Md. Mar. 23, 2020) (denying motion of asthmatic defendant). Thus, we are left to speculate whether Delacruz's continued incarceration would likely increase his risk of harm. However, mindful of the rapidly evolving conditions in prisons throughout the nation as well as the COVID-19 pandemic, we may entertain a renewed request for release if at some point in the future it becomes clear that there are compelling reasons to justify the defendant's release. *United States v. Sanchez*, No. 1:19-cr-00152, 2020 WL 1814159, at *7 (M.D. Pa. Apr. 9, 2020) (citing *United States v. Lee*, No 19-CR-298 (KBJ), 2020 WL 1541049, at *7 (D.D.C. Mar. 30, 2020)).

## III.  *Conclusion*

For the reasons set forth above, Delacruz has failed to establish by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released, and he has failed to establish exceptional reasons why his continued detention until

sentencing is not appropriate. Therefore, his motion (Doc. 151; Doc. 155) is denied.

An appropriate order follows.

JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: June 25, 2020